UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GEORGE BERNARD | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO_____ |
| CITY OF HOUSTON | § | |
| HOUSTON POLICE DEPARTMENT | § | |
| | § | |
| | § | JURY DEMANDED |
| Defendants, | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**SUMMARY OF SUIT**

1.      This is an action by George Bernard ("Plaintiff" or " George Bernard ") against Defendants, Houston Police Department, City of Houston and and other Defendants whose identities are unknown at this time, for violations of 42 U.S.C §1983 and pursuant to the Texas Tort Claims Act.

2.      George Bernard ("Plaintiff" or " George Bernard ") files this action seeking redress for wrongful conduct of the Houston Police Department, for the wrongful conduct of the City of Houston and other Defendants whose identities are unknown at this time. Plaintiff George Bernard brings this action pursuant to, among other legal bases, 42 U.S.C. §1983 which provides redress for every person within the jurisdiction of the United States that has been deprived of any rights, privileges, or immunities secured by the Constitution and laws of the United States, under color of state law.

3.      Specifically, Plaintiff George Bernard alleges that the excessive force used against him violated rights guaranteed by the Fourth and Fourteenth Amendment of the United States Constitution and gives rise to various state law claims, which are more fully set forth below. Plaintiff George Bernard seeks compensatory and punitive damages, together with reasonable attorney's fees as authorized by 42 U.S.C §1988.

**THE PARTIES**

4.      Plaintiff , George Bernard, is a resident of Houston, Harris County, Texas.

5.      Defendant, City of Houston, is a municipal corporation located in the State of Texas and incorporated under the laws of the state of Texas and is located within the boundaries of the Southern District of Texas (Houston Division). Defendant City of Houston can be served with process by serving its City Secretary at  900 Bagby, Public Level, Houston, TX 77002 or wherever the defendant can be found

6.      Defendant,Houston Police Department, is a political subdivision organized under the laws of the state of Texas, and is located within the boundaries of the Southern District of Texas (Houston Division).  Defendant Houston Police Department can be served with service of process by delivering service to  Mayor Annise Parker  at the City of Houston at 900 Bagby, Public Level, Houston, TX 77002 or wherever the defendant can be found.

7.      Unknown Defendants will be served once their identities are ascertained.

**JURISDICTION AND VENUE**

8.      Jurisdiction is conferred upon this Court under the provisions of 28 U.S.C. §1331 and 1343(a)(3), because this action is brought for damages and other appropriate relief under 42 U.S.C. §1983 for violation of Plaintiff George Bernard federal civil rights, under color of state law. This Court has pendent and ancillary jurisdiciton under Plaintiff's state law

1

claims under 28 U.S.C §1367.

9.      Jurisdiction over Plaintiff's claims under the Texas Tort Claims Act is conferred by Tex. Civ. Prac. & Rem. Code § 101.021, § 101.0215, § 101.025.

10.     Venue of this action is proper in this district and division under 28 U.S.C. §1391(b).

## FACTUAL BACKGROUND

11.     This is a case where Plaintiff was subjected to objectively unreasonable excessive force by members of the Houston Police department during an execution of a warrant for another individual. The wrongful action of the Defendants is described more fully below:

### The Wrongful Conduct of Houston Police Department

12.     Plaintiff was in his parent's home, when officers of Houston Police Department came to the home to execute a warrant for another individual.  As the officers entered the home, their weapons were already drawn. Officers demanded everyone in the house to freeze and Plaintiff put his hands up. Officers began firing their weapons at Plaintiff and he was hit multiple times. Officers did not attempt to identify Plaintiff until he had been shot. Plaintiff did not have a weapon and no weapon was found within his reach. Plaintiff was charged with possession and intent to deliver and the case was dismissed. Plaintiff has suffered numerous injuries as a result of the acts of the officers. Plaintiff has had several fingers amputated and was subjected to multiple surgeries.

        Defendants assault and battery of Plaintiff was a violation of Plaintiff's constitutional rights and the direct cause of Plaintiff's injuries and damages.

13.     The deprivation of Plaintiff George Bernard's constitution rights was the consequence of policies, customs, or practices, as applied by the Houston Police Department, or to which Houston Police Department was deliberately indifferent, including but not limited to:
        a.      Failure to properly train its officers on policies and procedures:
        b.      Failure to screen and monitor its police officers to ensure that they do not have a history of assault.
        c.      Failure to supervise its officers to ensure that they will not commit assault; and
        d.      Failure to discipline its officers who have committed assault.

14.     Defendant Houston Police Department policies, customs, or practices were a cause in fact of the deprivation of civil rights inflicted on Plaintiff George Bernard, and they also were the proximate cause of Plaintiff George Bernard's damages, as discussed more fully below. Defendant Houston Police Department policies, customs, or practices served as the moving force behind the constitutional violations at issue herein and Plaintiff George Bernard 's injuries resulted from the execution of Defendant Houston Police Department's policies, customs, and practices. Defendant Houston Police Department deliberately and consciously chose the policies, customs, or practices underlying Plaintiff George Bernard's claims, and was deliberately indifferent to Plaintiff George Bernard's constitutional rights.

### The Wrongful Conduct of the City of Houston

15.     The deprivation of Plaintiff George Bernard's constitution rights was the consequence of policies, customs, or practices, as applied by the City of Houston, or to which the City of Houston was deliberately indifferent, including but not limited to:
        a.      Failure to properly train its officers on policies and procedures:
        b.      Failure to screen and monitor its police officers to ensure that they do not have a history of assault.
        c.      Failure to supervise its officers to ensure that they will not commit assault; and
        d.      Failure to discipline its officers who have committed assault.

16.     Defendant City of Houston policies, customs, or practices were a cause in fact of the deprivation of civil rights inflicted on Plaintiff George Bernard, and they also were the proximated cause of Plaintiff George Bernard's damages, as

discussed more fully below. Defendant City of Houston policies, customs, or practices served as the moving force behind the constitutional violations at issue herein and Plaintiff George Bernard's injuries resulted from the execution of Defendant City of Houston policies, customs, and practices. Defendant City of Houston deliberately and consciously chose the policies, customs, or practies underlying Plaintiff George Bernard's claims, and was deliberately indifferent to Plaintiff George Bernard's constitutional rights.

### The Wrongful Conduct of Unidentified Defendants

17.     During the assault of Plaintiff, several officers present failed to exercise reasonable diligence in identifying the individuals in the home and failing to act in a reasonable manner while executing a warrant. The failure to act and protect Plaintiff's constitutional rights by these Defendants resulted in injuries to the Plaintiff.

## FEDERAL CAUSES OF ACTION

### Unconstitutional Use of Excessive Force 42 U.S.C. §1983

18.     Plaintiff incorporates and adopts by reference all facts and allegations above as though fully set forth herein. Officers employed by Defendant Houston Police Department's wrongful conduct, as well as Defendants City of Houston and Houston Police Department's policies, customs, and practices, constitute a violation of Plaintiff George Bernard's rights under the Fourth and Fourteenth Amendment to the United States Constitution. Plaintiff George Bernard seeks redress pursuant to 42 U.S.C. §1983 for Defendants' violations of his civil rights.

### Failure to Protect 42 U.S.C §1983 Violation of 4th Amendment

19.     Plaintiff incorporates and adopts by reference all facts and allegations above as though fully set forth herein. Plaintiff George Bernard was entitled to be safe and secure from undue and unreasonable excessive force and Defendants Houston Police Department and other Defendants who are currently not known at this time had a constitutional duty to protect Plaintiff from the acts of the officers prsent, which violated Plaintiff's constitutional rights against excessive force and were objectively unreasonable based on the totality of the circumstances. There existed no objectively reasonable facts that would have support any belief that Plaintiff presented a danger to any persons present when the officers assaulted Plaintiff.
        As a result of these constitutional violations to Plaintiff and the injuries he incurred, Plaintiff seeks compensation.

## STATE LAW CAUSES OF ACTION

### Assault and Battery

20.     Plaintiff incorporates and adopts by reference all facts and allegations above as though fully set forth herein. Defendant Houston Police Department's actions described above constitute an assault and battery upon Plaintiff George Bernard in that Defendant intentionally, knowingly, or recklessly caused bodily injury to Plaintiff George Bernard by shooting him. Officers employed by Defendant Houston Police Department also intentionally, knowingly, or recklessly made physical contact with Plaintiff George Bernard that he knew or reasonably should have known would be regarded as offensive. Finally, Defendant Houston Police Department acted with specific intent to cause substantial injury to Plaintiff George Bernard, and Defendant Houston Police Department proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff George Bernard despite Defendant's actual, subjective awareness of the risk involved.

### Intentional Infliction of Emotional Distress

21.     Plaintiff incorporates and adopts by reference all facts and allegations above as though fully set forth herein. Defendant Houston Police Department's actions described above constitute intentional infliction of emotional distress on Plaintiff George Bernard in that he intentionally, knowingly, or recklessly commited extreme and outrageous conduct that proximately caused Plaintiff George Bernard severe emotional distress. Defendant Houston Police Department acted with specific intent to cause injury to Plaintiff George Bernard, and proceeded with conscious indifference to the rights, safety or welfare of Plaintiff George Bernard despite actual, subjective awareness of the risk involved.

### Negligence

22.     Plaintiff incorporates and adopts by reference all facts and allegations above as though fully set forth herein. Defendant Houston Police Department had a duty to use reasonable force and breached that duty, which directly and proximately resulted in damages to Plaintiff.

23.     Plaintiff incorporates and adopts by reference all facts and allegations above as though fully set forth herein. Defendants City of Houston and Houston Police Department had a duty to use ordinary care in training its employees. Defendants had a duty to use ordinary care in disciplining its employees who cause unreasonable risk of harm to others during the performance of their duties. Plaintiffs damages are a direct and proximate result of the Defendants breach of these duties.

24.     Plaintiff incorporates and adopts by reference all facts and allegations above as though fully set forth herein. Defendants unknown at this time had a duty to protect Plaintiff from Houston Police Department's assault and battery and failed to do so. Plaintiffs damages are a direct and proximate result of the Defendants breach of these duties.

### Texas Tort Law Claim

25.     Plaintiff incorporates and adopts by reference all the facts and allegations above as though fully set forth herein.

26.     Pursuant to provisions of Tex. Civ. Prac. & Rem. Code § 101.021, § 101.0215, § 101.025 and the Texas Tort Claims Act, Defendant Houston Police Department is liable for the actions of its employees, including its agents and officers, in the negligent actions toward Plaintiff.

### Malicious Prosecution

27.     Plaintiff incorporates and adopts by reference all the facts and allegations above as though full set for herein. On March 21, 2013, a criminal prosecution for possession with intent to deliver was commenced against plaintiff by Harris County District Attorney. Defendant Houston Police Department procured plaintiff's criminal prosecution. By provind false information to law enforcement officals that result in prosecution The prosecution terminated in plaintiff's favor on June 16, 2014 when charges were dismissed. Plaintiff was innocent of the charge.

28.     Defendant did not have probable cause to procure the prosecution. The officers were not executing a warrant in the name of Plaintiff. The warrant was for another individual who did not live in that address. Defendant Houston Police Department lacked probable cause against Plaintiff.

29.     Defendant acted with malice after shooting Plaintiff and providing false information to the District Attorney's office.

### DAMAGES AND REMEDIES

30.     The Defendants' actions and omissions related to this Petition were tortious, wrongful, objectively unreasonable, deliberately indifferent, negligent, grossly negligent, oppressive, malicious, reckless to Plaintiff George Bernard's health, safety, and welfare, and recklessly indifferent to Plaintiff George Bernard federally protected rights; and said actions and omissions directly and proximately caused Plaintiff's physical, mental, and emotional injuries.  Plaintiff can utilize his hands in their full capacity as several fingers have been amputated. He is now not able to work in his field of medical care as a result of Defendants' action. Plaintiff George Bernard has suffered physical pain in the past, in the present, and in all reasonable probability he will suffer physical pain in the future.  Defendants conduct has caused Plaintiff past and future lost earnings and lost earning capacity. Defendants conduct also has caused Plaintiff George Bernard to suffer sever mental anguish in the past and in all reasonable probability he will suffer mental anguish in the future. Plaintiff George Bernard sues for damages for all of the foregoing losses and injuries.

29.     Defendant Houston Police Department is liable for compensatory and punitive damages, together with statutory attorney's fees as authorized by 42 U.S.C. §1988 and Tex. Civ. Prac. & Rem. Code § 101.021.

30.     Defendant City of Houston is liable for compensatory and punitive damages, together with statutory attorney's fees as authorized by 42 U.S.C. §1988 and Tex. Civ. Prac. & Rem. Code § 101.0215.

32.     Defendants who are not identified at this time are liable for compensatory and punitive damages, together with statutory attorney's fees as authorized by 42 U.S.C §1988.

## ATTORNEY'S FEES AND COSTS

33.     Plaintiff George Bernard seeks an award of attorney's fees and costs incurred in bringing this action pursuant to 42 U.S.C. §1982 and 1988.

## JURY DEMAND

34.     Plaintiff demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon a final trial, they have and recover judgment against the Defendants for actual damages as may be determined by the trier of fact; punitive and exemplary damages as allowed by law; attorney's fees through trial and any appeal as allowed by law; all costs of court as allowed by law; pre-and post-judgment interset at the highest allowable rate; and for such other and further relief, at law or in equity, to which Plaintiff may show themselves to be justly entitled.

        Respectfully submitted,

        GADSON LAW GROUP,  PLLC

        By: _____
        Chareka M. Gadson
        TBN 24064247
        708 Main St., Suite 790
        Houston, Texas  77002
        Tel. (713) 489-1851
        Fax (713) 222-0995
        Attorney for Plaintiff

# A JURY TRIAL IS REQUESTED IN THIS MATTER