UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GEORGE BERNARD § <br> ELIZABETH GONSOULIN § <br>     Plaintiffs, § <br> § <br> v. § <br> CITY OF HOUSTON § <br> FERDINAND RODRIGUEZ, JR, § <br> EDUARDO MEDRANO § <br> GERALD GOINES, JR. § <br> CIRO OLIVARES § <br> WILLIAM DAVIS § <br> SHANTA MORTON § <br> STEVEN BRYANT § <br> JOHN DOE 1-3 § <br> in their individual and official capacities § <br> Defendants, § <br> § <br> § <br> § | CIVIL ACTION NO 4:15-cv-00734 <br><br><br><br> JURY DEMANDED |

## PLAINTIFFS' THIRD AMENDED ORIGINAL COMPLAINT

Now comes Plaintiffs, George Bernard ("Mr. Bernard") and Elizabeth Gonsoulin ("Mrs. Gonsoulin") , by their attorney, Chareka M. Gadson, and complaining of Defendants, City of Houston, Houston Police Officers Ferdinand Rodriguez, Jr., Eduardo Medrano, Gerald Goines, Jr., Ciro Olivares, William Davis, Shanta Morton, and Steven Bryant (collectively "Defendant Officers"), and unknown Defendants, for violations of 42 U.S.C §1983 and pursuant to the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code, §101.001-101.109.

### Introduction

1.  George Bernard ("Mr. Bernard ") and Elizabeth Gonsoulin ("Mrs. Gonsoulin") files this action seeking redress for wrongful conduct of the City of Houston and Officer Defendants, Ferdinand Rodriguez, Jr., Eduardo Medrano, Gerald Goines, Jr., Ciro Olivares, William Davis, Shanta Morton, and Steven Bryant. Plaintiffs bring this action pursuant to, among other legal bases, 42 U.S.C. §1983 which provides redress for every person within the jurisdiction of the United States that has been deprived of any rights, privileges, or immunities secured by the Constitution and laws of the United States, under color of state law.

### The Parties

2.  Plaintiff , George Bernard, is a resident of Houston, Harris County, Texas.

3.  Plaintiff , Elizabeth Gonsoulin, is a resident of Houston, Harris County, Texas.

1

4.     Defendant, City of Houston, is a municipal corporation located in the State of Texas and incorporated under the laws of the state of Texas and is located within the boundaries of the Southern District of Texas (Houston Division). Defendant City of Houston can be served with process by serving its City Secretary at 900 Bagby, Public Level, Houston, TX 77002 or wherever the defendant can be found.

5.     Defendant Officers, Ferdinand Rodriguez, Jr., Eduardo Medrano, Gerald Goines, Jr., Ciro Olivares, William Davis, Shanta Morton, and Steven Bryant, are police officers employed by the City of Houston's Police Department canbe served at 1200 Travis Street Houston, TX 77002. Ferdinand Rodriguez, Jr., Eduardo Medrano, Gerald Goines, Jr., Ciro Olivares, William Davis, Shanta Morton, and Steven Bryant.  Defendant Officers are and were at the time of events complained of herein employed by the City of Houston as police officers

6.      Defendant Officers are sued in their individual capacities.

7.     Plaintiff reasonably expect that the identities of unknown Defendants will be revealed during discovery in this action. At such time, Plaintiff will seek leave to further amend the complaint to identify those defendants.

## Jurisdiction And Venue

8.     Jurisdiction is conferred upon this Court under the provisions of 28 U.S.C. §1331 and 1343(a), because this action is brought for damages and other appropriate relief under 42 U.S.C. §1983 for violation of Plaintiffs federal civil rights, under color of state law. This Court has pendent and ancillary jurisdiction under Plaintiffs' state law claims under 28 U.S.C §1367.

9.     Jurisdiction over Plaintiffs' claims under the Texas Tort Claims Act is conferred by Tex. Civ. Prac. & Rem. Code § 101.021, § 101.0215, § 101.025.

10.    Venue of this action is proper in this district and division under 28 U.S.C. §1391(b).

## Factual Background

11.    This is a case where Mr. Bernard was subjected to objectively unreasonable excessive force by Ferdinand Rodriguez, Jr. during an execution of a warrant for another individual. The wrongful action of the Defendant Officers, and any unknown defendants, is described more fully below:

12.    On or about March 19, 2013, Mr. Bernard was in his elderly parents' home, when Ferdinand Rodriguez, Jr., Eduardo Medrano, Gerald Goines, Jr., Ciro Olivares, William Davis, Shanta Morton, and Steven Bryant , officers of City of Houston's Police Department came to the home to execute a warrant for another individual, who was not present nor residing at the residence, with the elderly couple. A reasonable, diligent investigation and surveillance would have revealed

these facts. The officers did not knock nor announce themselves, as the officers violently barged into the home, startling the occupants of the home, with their weapons were drawn.

13.     His elderly mother and father were in the living room and another family member was in a bedroom next to the living room. After the officers' dramatic, startling entry in the home, they demanded everyone to freeze. Mr. Bernard had been walking to the kitchen and had made it to the dining room, when the officers burst in. He turned to face the front door and put his hands up. Defendant Rodriguez fired a shot at Mr. Bernard. The impact of the shot caused Mr. Bernard to fall from the dining room into the kitchen, crashing through and breaking the sliding door that separates the kitchen and dining room.

14.     However, according to the Defendant Officers, Mr. Bernard disappeared in a hallway and stepped back into the Defendant Officers' view to be shot. Unfortunately, the design of the home and the destroyed sliding door contradict this story.

15.     The aforementioned conduct was wholly unnecessary and unreasonable, as Mr. Bernard was not threatening the officers, or in possession of a deadly weapon, or failing to comply with Defendants' orders that followed their violent, abrupt entrance into the quiet home of Mr. Bernard's elderly parents.

16.     As her son lay dying in her kitchen, Mrs. Gonsoulin instinctively tried to attend to him, but a gun was pointed in her face by one of the Defendants as he screamed orders in a disrespectful, compassionless manner. After shooting Mr. Bernard, Defendants then decided to ask questions in an attempt to identify Mr. Bernard, as he lay dying in his parents' kitchen.  Plaintiff did not have a weapon. The only semblance of a weapon found was a pellet gun on a shelf in the kitchen. The pellet gun was never within Mr. Bernard's reach, in the dining room, where he was shot. By the time Mr. Bernard made it into the kitchen, it was after he had been shot and had crashed through the kitchen sliding door. While Mr. Bernard was fighting for his life and pleading for help on the kitchen floor, he was not making any movements to reach for a pellet gun on the kitchen shelf.

17.     Mr. Bernard  has suffered numerous injuries as a result of the acts of the officers. Plaintiff died several times, as a result of the gun shot to his abdomen, and was resuscitated each time with medication. Plaintiff had all 10 fingers and 10 toes amputated,  and was subjected to multiple surgeries, to his torso, for almost a year. Plaintiff is restricted from numerous activities, including working, as a result of the surgeries and amputations.

18.     After the shooting, Mrs. Gonsoulin and the other occupants of the home were forced out of the home, and were placed in separate police cars for questioning. Mrs. Gonsoulin, the elderly mother of Mr. Bernard, suffered from various

health issues during this time, and this stressful, unreasonable event exacerbated them. She was denied access to her medications and to her bathroom, while Defendant Officers interrogated her. As a result of Defendants' multiple refusals, Mrs. Gonsoulin lost control of her bowels and defecated, right outside of her home, in the presence of the police officers. Mrs. Gonsoulin was told she would only be able to clean up after she arrived at the police station for interrogation. Eventually, one of the Defendants allowed Mrs. Gonsoulin to clean herself up, after she refused to answer any questions, but she still was not allowed clean up in her home. Additionally, Mrs. Gonsoulin requests for information regarding the condition of her son were ignored.

19. Mrs. Gonsoulin experienced an episode of high blood pressure and Defendant Officers continued to show a lack compassion or care by failing to immediately retrieve her medicine from the home they refused to allow her to enter.

20. Mrs. Gonsoulin has suffered from insomnia, nightmares, anxiety, emotional distress, humiliation, and aggravation of preexisting medical conditions.

21. Furthermore, although, no drugs were found on the scene and witnesses overheard Defendant Officers discussing their search not revealing anything, Defendant Officers produced an offense report and provided information to Harris County District Attorney and Plaintiff was charged with felony possession and intent to deliver. Mr. Bernard was subjected to prisoner conditions at the hospital, while being treated for his gunshot wounds. The case was subsequently dismissed.

22. Also, Mr. Bernard was subjected to unreasonable harassment and searches, shortly after being released from the hospital. Mr. Bernard was illegally detained by Defendant Officers who were stalking him to question him about the events that took place the day he was shot. After being pulled over and ordered to step out of his vehicle, he was roughly searched, while wearing a colostomy bag. Due to how roughly Defendant Officer was searching in the area of the colostomy bag, Mr. Bernard requested the officer to be careful, but it was hastily disregarded. Mr. Bernard was then approached by a masked police officer who aggressively questioned him regarding what he remembered about the night Mr. Bernard was shot. Mr. Bernard describes the costumed police officer as being a male of Hispanic descent.

**Count 1**
**42 U.S.C §1983: False Arrest**

23. Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

24. As described in the preceding paragraphs, the Defendant Officers unlawfully detained and falsely arrested Mr. Bernard without legal justification or probable cause.

25. Defendant Officers knew that Mr. Bernard had not committed any crimes, and still continued to effectuate the arrest, detention, and prosecution of Mr. Bernard for the charge.

4

26.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

27.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights, specifically the Fourth and Fourteenth Amendments to the United States Constitution, and hence 42 U.S.C. §1983.

28.     As a result of the unjustified violation of Mr. Bernard's rights by the Defendant Officers, Mr. Bernard has suffered injury, including emotional distress.

### Count II
### 42 U.S.C §1983: Excessive Force

29.     Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

30.     As a result of the Defendant Officers' unjustified and excessive use of force, Plaintiff suffered pain and injury, as well as emotional distress.

31.     This conduct violated the Fourth and Fourteenth Amendments to the United States Constitution, and hence 42 U.S.C. §1983.

32.     This misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Mr. Bernard's constitutional rights.

33.     The aforementioned actions of the Defendant Officers were the direct and proximate cause of the constitutional violations, and the attendant injuries resulting therefrom, as set forth above.

34.     As a result of the unjustified violation of Mr. Bernard's rights by the Defendant Officers, Mr. Bernard has suffered injury, including emotional distress.

### Count III
### State Law Claim: False Imprisonment

35.     Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

36.     Mr. Bernard and Mrs. Gonsoulin were imprisoned by Defendant Officers, and thereby had their liberty to move and unlawfully restrained, despite the Defendant Officers' knowledge that there was no probable cause for doing so.

37.     The actions of the Defendant Officers were undertaken intentionally, with malice and reckless indifference to Mr. Bernard's and Mrs. Gonsoulin's rights.

**Count IV**
**42 U.S.C. §1983: Due Process/Brady Violation**

38. Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

39. Defendant Officers deliberately hid exculpatory evidence. Specifically Defendants,

   a. Failed to tell the district attorney that drugs were not found during the search.

   b. Generated an offense report that falsely indicated that drugs were found.

40. In the manner described above, Defendant Officers deprived Plaintiff of Due Process in violation of the 5th and 14th Amendments of the United States Constitution.

41. Defendant Officers' actions set forth above were so arbitrary as to shock the conscience.

42. Such violations of Plaintiff's rights were undertaken intentionally, with malice and willful indifference to Mr. Bernard's rights.

43. As a result of the above-described wrongful conduct, Plaintiff has suffered pain and injry, as well as emotional distress.

44. The misconduct alleged in this Count was undertaken while the Defendant Officers were acting within the scope of their employment.

45. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**Count V**
**42 U.S.C. §1983: Conspiracy to Commit Constitutional Violations**

46. Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

47. As discussed in greater detail above, the Defendant Officers conspired with each other to cause damage to the Plaintiff by:

   a. Agreeing not to report that drugs were not found at the residence.

   b. Agreeing to generate reports and other documents which omitted material facts relating to the arrest and search, and contained falsities.

48. The aforementioned actions of the Defendant Officers were the direct and proximate cause of the violations of the United States Constitution discussed above, and the attendant injury and emotional distress resulting therefrom.

6

## Count VI
### 42 U.S.C. §1983: Failure to Intervene

49.  Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

50.  As described more fully above, one or more of the Defendants had a reasonable opportunity to prevent the violations of Mr. Bernard's constitutional rights.

51.  As a result of the Defendants' failure to intervene, Mr. Bernard suffered pain and injury, as well as emotional distress.

52.  The Defendants' actions were undertaken intentionally with malice and reckless indifference to Mr. Bernard's rights.

53.  The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law.

## Count VII
### State Law Claim: Malicious Prosecution

54.  Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

55.  As described more fully above, the Defendant Officers commenced, caused to be commenced, and/or continued a criminal proceeding against Mr. Bernard for which Defendants knew there was no probable cause, and the criminal proceeding terminated in Mr. Bernard's favor in a manner indicative of innocence.

56.  The Defendant Officers' actions were undertaken intentionally, with malice and reckless indifference to the rights of others, including Mr. Bernard's.

57.  The Defendant Officers accused Mr. Bernard of criminal activity knowing those accusations to be without probable cause, and they made written and other statements with the intent of exerting influence to institute and continue judicial proceedings.

58.  Statements and reports of the Defendants regarding Mr. Bernard's alleged criminal culpability were made with knowledge that the statements were false.

59.  As a result of the Defendants malicious prosecution, Mr. Bernard has suffered, as a direct and proximate cause, injury, including emotional distress.

## Count VIII
### State Law Claim: Assault and Battery

60.  Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

61. As described more fully in the preceding paragraphs, Defendants' used unnecessary and unreasonable force against Mr. Bernard, which included harmful and offensive touching.

62. At that time, Mr. Bernard had a reasonable apprehension that he was in a considerable danger and would be subjected to great bodily harm.

63. As described more fully in the preceding paragraphs, Defendants caused Mrs. Gonsoulin a reasonable apprehension that she was in a considerable danger and would be subjected to great bodily harm.

64. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others, including Mr. Bernard and Mrs. Gonsoulin.

65. As described in the preceding paragraphs, the conduct of the Defendant Officers, acting under color of law and within the scope of their employment, was undertaken willfully and wantonly, proximately causing Plaintiffs' injuries.

### Count IX
### State Law Claim: Intentional Infliction of Emotional Distress

66. Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

67. In the manner described more fully above, the Defendant Officers engaged in extreme and outrageous conduct, including, but not limited to:

> a. Threatening to shoot Mrs. Gonsoulin while pointing a gun in her face without any reasonable justification.
>
> b. Placing Mrs. Gonsoulin in the back of a police car for an unreasonable amount of time while she suffered from her medical conditions and anxiety regarding the condition of her son.
>
> c. Refusing Mrs. Gonsoulin's repeated requests to relieve herself, which lead to her defecating on herself, causing humiliation.
>
> d. Holding Mrs. Gonsoulin in custody in her soiled clothes while interrogating her regarding her son, disregarding her human dignity.
>
> e. Stalking and harassing Mr. Bernard after he was released from the hospital.
>
> f. Subjecting Mr. Bernard to a rough, illegal search while he wore a colostomy bag and disregarding his requests to be careful.
>
> g. Shooting Mr. Bernard and causing him to lose all of his fingers and toes and endure multiple surgeries, as a result.
>
> h. Held Mr. Bernard prisoner in the hospital for several months with no probable cause.

                i. Causing Mr. Bernard to be subjected to multiple surgeries.

68.     The Defendants knew their conduct would cause severe emotional distress to the Plaintiffs and knew there was a high probability that their conduct would cause severe emotional distress to the Plaintiffs.

69.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

70.     As a proximate result of this misconduct, Plaintiffs suffered injuries, including but not limited to severe emotional distress.

**Count X**
**State Law Claim: Texas Tort Claims Act**

71.     Plaintiff incorporates and adopts by reference all the facts and allegations above as though fully set forth herein.

72.     Pursuant to provisions of Tex. Civ. Prac. & Rem. Code § 101.021, § 101.0215, § 101.025 and the Texas Tort Claims Act, Defendant City of Houston is liable for the actions of its employees, including its agents and officers, in the negligent actions toward Plaintiff.

**Count XI**
**State Law Claim: Negligence**

73.     Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

74.     Defendant Officers had a duty to use reasonable force and breached that duty, and failed, which directly and proximately resulted in damages to Mr. Bernard.

75.     Defendants Officers had a duty to maintain control during the execution of the warrant, and failed, which directly and proximately resulted in damages to Mr. Bernard.

76.     Defendant Officers had a duty to maintain the dignity of those on the scene, and failed, which directly and proximately resulted in damages to Mrs. Gonsoulin.

77.     Defendant City of Houston had a duty to use ordinary care in training its employees. Defendants had a duty to use ordinary care in disciplining its employees who cause unreasonable risk of harm to others during the performance of their duties. Defendant was negligent in the implementation of it's policies for arrests and execution of warrants. Plaintiffs damages are a direct and proximate result of the Defendants breach of these duties.

78.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

79. As a proximate result of this misconduct, Plaintiffs suffered injuries, including but not limited to severe emotional distress.

## Count XII
## State Law Claim: Respondent Superior

80. Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

81. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were acting as members and agents of the City of Houston acting at all relevant times within the scope of their employment.

82. Defendant City of Houston is liable as principal for all torts committed by its agent when acting as its agent.

## Count XIII
## State Law Claim: Negligent Hiring, Retention, Supervision, And Control

83. Each of the paragraphs of this Complaint is incorporated as if fully restated herein.

84. At the time and on the occasion in question, Defendant City of Houston was negligent in hiring, retaining, supervising and/or control their employee(s), servant(s), and/or agent(s), who shot Mr. Bernard and humuliated Mrs. Gonsoulin.

85. Defendants had a duty to exercise ordinary care in the hiring, supervising and training of its employees, particularly regarding matters involving excessive force. Defendants breached that duty in the following respects, among others:

    (a) failing to adequately train employees, agents or servants;

    (b) failing to properly supervise employees, agents or servants;

    (c) failing to comply with laws, rules, statutes, standards and regulations regarding arrests, and;

    (d) other acts of negligent hiring, retention, supervision and control as will be more fully shown at trial.

The above acts constitute negligence and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of Defendants proximately caused Plaintiff's damages.

## Damages and Remedies

86. The Defendants' actions and omissions related to this Complaint were tortious, wrongful, objectively unreasonable, deliberately indifferent, negligent, grossly negligent, oppressive, malicious, reckless to Mr. Bernard and Mrs. Gonsoulin's health, safety, and welfare, and recklessly indifferent to Plaintiff George Bernard federally protected rights; and said actions and omissions directly and proximately caused Plaintiff's physical, mental, and emotional injuries.

87. Mr. Bernard cannot utilize his hands or feet in their full capacity as all fingers and toes have been amputated. He is now not able to work in his field of medical care as a result of Defendants' action. Plaintiff George Bernard has suffered

physical pain in the past, in the present, and in all reasonable probability he will suffer physical pain in the future. Defendants conduct has caused Plaintiff past and future lost earnings and lost earning capacity. Defendants conduct also has caused Plaintiff George Bernard to suffer sever mental anguish in the past and in all reasonable probability he will suffer mental anguish in the future. Plaintiff George Bernard sues for damages for all of the foregoing losses and injuries.

88.     Mrs. Gonsoulin has suffered emotional pain and distress in the past, present, and in all reasonable probability she will suffer emotional pain in the future. Mrs. Gonsoulin has also suffered physical pain in the, in the present, and all reasonable probability she will suffer physical pain in the future.

89.     Defendant City of Houston is liable for compensatory and punitive damages, together with statutory attorney's fees as authorized by 42 U.S.C. §1988 and Tex. Civ. Prac. & Rem. Code § 101.0215.

90.     Defendants who are identified or are unknown at this time are liable for compensatory and punitive damages, together with statutory attorney's fees as authorized by 42 U.S.C §1988.

## Attorney's Fees And Costs

91.     Plaintiffs seek an award of attorney's fees and costs incurred in bringing this action pursuant to 42 U.S.C. §1982 and 1988.

## Jury Demand

92.     Plaintiff demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon a final trial, they have and recover judgment against the Defendants for actual damages as may be determined by the trier of fact; punitive and exemplary damages as allowed by law; attorney's fees through trial and any appeal as allowed by law; all costs of court as allowed by law; pre-and post-judgment interset at the highest allowable rate; and for such other and further relief, at law or in equity, to which Plaintiff may show themselves to be justly entitled.

Respectfully submitted,

GADSON LAW GROUP,  PLLC

By: /s/attorneygadson@gadsonlegal.com
Chareka M. Gadson
TBN 24064247
FBN 1294724
405 Main St., Suite 455
Houston, Texas  77002
Tel. (713) 229-9997
Fax (281) 501-6777
Attorney for Plaintiff

**A JURY TRIAL IS REQUESTED IN THIS MATTER**