# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| GEORGE BERNARD and ELIZABETH GONSOULIN, | § § § § | |
| *Plaintiffs,* | § § | CIVIL ACTION NO. 4:15-CV-00734 |
| v. | § § | HON. JUDGE GRAY H. MILLER |
| CITY OF HOUSTON, FERDINAND RODRIGUEZ, JR., EDUARDO MEDRANO, GERALD GOINES, JR., CIRO OLIVARES, WILLIAM DAVIS, SHANTA MORTON, STEVEN BRYANT, JOHN DOE 1-3, in their individual and official capacities, | § § § § § § § § | |
| *Defendants.* | § § | |

**DEFENDANT OFFICERS ANSWER TO PLAINTIFFS' THIRD AMENDED ORIGINAL COMPLAINT and their AFFIRMATIVE DEFENSES**

TO THE HONORABLE JUDGE GRAY H. MILLER:

NOW COME Defendants FERDINAND RODRIGUEZ, JR., EDUARDO MEDRANO, GERALD GOINES, JR., CIRO OLIVARES, WILLIAM DAVIS, SHANTA MORTON, and STEVEN BRYANT, in their individual and official capacities, (collectively referred to as the "Defendant Officers") and file their Answer to Plaintiffs' Third Amended Original Complaint and their Affirmative Defenses.

## INTRODUCTION

1. Defendant Officers admit Plaintiffs have brought this action pursuant to 42 U.S.C. § 1983. Defendant Officers deny any violation of the Constitution of the United States; deny having engaged in any wrongful conduct directed at the Plaintiffs; and deny any violation of 42 U.S.C. § 1983. Defendant Officers deny having used any excessive force against the Plaintiffs

and deny any violation of the Fourth or Fourteenth Amendments to the United States Constitution or any state law violations. Defendant Officers further deny any liability for compensatory damages or attorney's fees under 42 U.S.C. § 1988. Defendant Officers deny the Texas Tort Claims Act confers any jurisdiction over Defendant Officers, in their official capacities, for the Plaintiffs' claims and deny any liability under the Texas Tort Claims Act.

## THE PARTIES

2. Defendant Officers lack sufficient information to admit or deny whether Plaintiff George Bernard, is a resident of the City of Houston, Harris County or the state of Texas.

3. Defendant Officers lack sufficient information to admit or deny whether Plaintiff Elizabeth Gonsoulin, is a resident of the City of Houston, Harris County or the state of Texas.

4. Defendant Officers admit the allegations in Paragraph 4 of the Third Amended Original Complaint.

5. Defendant Officers admit the allegations in Paragraph 5 of the Third Amended Original Complaint.

6. Defendant Officers admit that Plaintiffs alleged that they have sued the Defendant Officers in their individual capacities.

7. In paragraph 7 of their Third Amended Original Complaint, Plaintiffs suggest they may later seek to identify additional Defendants after the deadline set by the Court for adding additional parties. Defendant Officers object to any amendment to add additional parties now that the deadline set by the Court has passed.

## JURISDICTION AND VENUE

8.      Paragraph 8 of Plaintiffs' Third Amended Original Complaint makes mere allegations of the statutes relied upon by Plaintiffs for the jurisdiction of this Court to which no answer is required. To the extent these allegations require a response, they are denied.

9.      Defendant Officers deny the Texas Tort Claims Act confers jurisdiction for any of Plaintiffs' claims.

10.     Defendant Officers deny Plaintiffs' Third Amended Original Complaint establishes a claim upon which relief can be granted but, if there was jurisdiction, they would not object to venue in the United States District Court for the Southern District of Texas, Houston Division.

## FACTUAL BACKGROUND

11.     Defendant Officers deny the allegations in Paragraph 11 of the Third Amended Original Complaint because they are untrue.

12.     Defendant Officers admit only that on March 19, 2013, Defendant Officers made a lawful entry at 6725 Sherwood Drive, Houston, Texas 77021 under authority of a "no-knock" narcotics search warrant and that Plaintiff Bernard was present in the home. Defendant Officers deny all remaining allegations in Paragraph 12 of the Third Amended Original Complaint because they are untrue.

13.     Defendant Officers admit only that on March 19, 2013, narcotics squad officers made a lawful entry at 6725 Sherwood Drive, Houston, Texas 77021 under authority of a "no-knock" narcotics search warrant. Plaintiff was injured when he failed to obey the Defendant Officers' instructions and took actions creating a reasonable fear for an officer's safety.

Defendant Officers deny the remaining allegations in paragraph 13 of the Third Amended Original Complaint because they are untrue.

14. Defendant Officers deny the allegations in Paragraph 14 of the Third Amended Original Complaint because they are untrue.

15. Defendant Officers deny the allegations in Paragraph 15 of the Third Amended Original Complaint because they are untrue.

16. Defendant Officers deny the allegations in Paragraph 16 of the Third Amended Original Complaint because they are untrue.

17. Defendant Officers deny the allegations in Paragraph 17 of the Third Amended Original Complaint because they are untrue.

18. Defendant Officers admit only that the occupants of the home were escorted out of the home and detained separately for questioning. Defendant Officers deny the remaining allegations in paragraph 18 of the Third Amended Complaint because they are untrue.

19. Defendant Officers deny the allegations in Paragraph 19 of the Third Amended Original Complaint because they are untrue.

20. Defendant Officers deny the allegations in Paragraph 20 of the Third Amended Original Complaint because they are untrue.

21. Defendant Officers admits only that the Harris County District County's Office initially pursued charges against Mr. Bernard and subsequently elected to dismiss the charges. Defendant Officers deny the remaining allegations in Paragraph 21 of the Third Amended Original Complaint because they are untrue.

22. Defendant Officers deny the allegations in Paragraph 22 of the Third Amended Original Complaint because they are untrue.

## COUNT I
## 42 U.S.C. §1983: FALSE ARREST

23. Defendant Officers incorporate by reference herein their previous answers to paragraphs 1-22 of Plaintiffs' Third Amended Original Complaint.

24. Defendant Officers deny the allegations in Paragraph 24 of the Third Amended Original Complaint because they are untrue.

25. Defendant Officers deny the allegations in Paragraph 25 of the Third Amended Original Complaint because they are untrue.

26. Defendant Officers deny the allegations in Paragraph 26 of the Third Amended Original Complaint because they are untrue.

27. Defendant Officers deny the allegations in Paragraph 27 of the Third Amended Original Complaint because they are untrue.

28. Defendant Officers deny the allegations in Paragraph 28 of the Third Amended Original Complaint because they are untrue.

## COUNT II
## 42 U.S.C. § 1983: EXCESSIVE FORCE

29. Defendant Officers incorporate by reference herein their previous answers to paragraphs 1-28 of Plaintiffs' Third Amended Original Complaint.

30. Defendant Officers deny the allegations in Paragraph 30 of the Third Amended Original Complaint because they are untrue.

31. Defendant Officers deny the allegations in Paragraph 31 of the Third Amended Original Complaint because they are untrue.

32. Defendant Officers deny the allegations in Paragraph 32 of the Third Amended Original Complaint because they are untrue.

33. Defendant Officers deny the allegations in Paragraph 33 of the Third Amended Original Complaint because they are untrue.

34. Defendant Officers deny the allegations in Paragraph 34 of the Third Amended Original Complaint because they are untrue.

### COUNT III
### STATE LAW CLAIM: FALSE IMPRISONMENT

35. Defendant Officers incorporate by reference herein their previous answers to paragraphs 1-34 of Plaintiffs' Third Amended Original Complaint.

36. Defendant Officers deny the allegations in Paragraph 36 of the Third Amended Original Complaint because they are untrue.

37. Defendant Officers deny the allegations in Paragraph 37 of the Third Amended Original Complaint because they are untrue.

### COUNT IV
### 42 U.S.C. §1983: DUE PROCESS/BRADY VIOLATION

38. Defendant Officers incorporate by reference herein their previous answers to paragraphs 1-38 of Plaintiffs' Third Amended Original Complaint.

39. Defendant Officers deny the allegations in Paragraph 39 of the Third Amended Original Complaint because they are untrue.

40. Defendant Officers deny the allegations in Paragraph 40 of the Third Amended Original Complaint because they are untrue.

41. Defendant Officers deny the allegations in Paragraph 41 of the Third Amended Original Complaint because they are untrue.

42. Defendant Officers deny the allegations in Paragraph 42 of the Third Amended Original Complaint because they are untrue.

43. Defendant Officers deny the allegations in Paragraph 43 of the Third Amended Original Complaint because they are untrue.

44. Defendant Officers deny the allegations in Paragraph 44 of the Third Amended Original Complaint because they are untrue.

45. Defendant Officers deny the allegations in Paragraph 45 of the Third Amended Original Complaint because they are untrue.

### COUNT V
### 42 U.S.C. §1983: CONSPIRACY TO
### COMMIT CONSTITUTIONAL VIOLATIONS

46. Defendant Officers incorporate by reference herein their previous answers to paragraphs 1-45 of Plaintiffs' Third Amended Original Complaint.

47. Defendant Officers deny the allegations in Paragraph 47 of the Third Amended Original Complaint because they are untrue.

48. Defendant Officers deny the allegations in Paragraph 48 of the Third Amended Original Complaint because they are untrue.

### COUNT VI
### 42 U.S.C. §1983: FAILURE TO INTERVENE

49. Defendant Officers incorporate by reference herein their previous answers to paragraphs 1-48 of Plaintiffs' Third Amended Original Complaint.

50. Defendant Officers deny the allegations in Paragraph 50 of the Third Amended Original Complaint because they are untrue.

51. Defendant Officers deny the allegations in Paragraph 51 of the Third Amended Original Complaint because they are untrue.

52. Defendant Officers deny the allegations in Paragraph 52 of the Third Amended Original Complaint because they are untrue.

53. Defendant Officers deny the allegations in Paragraph 53 of the Third Amended Original Complaint because they are untrue.

## COUNT VII
## STATE LAW CLAIM: MALICIOUS PROSECUTION

54. Defendant Officers incorporate by reference herein their previous answers to paragraphs 1-53 of Plaintiffs' Third Amended Original Complaint.

55. Defendant Officers deny the allegations in Paragraph 55 of the Third Amended Original Complaint because they are untrue.

56. Defendant Officers deny the allegations in Paragraph 56 of the Third Amended Original Complaint because they are untrue.

57. Defendant Officers deny the allegations in Paragraph 57 of the Third Amended Original Complaint because they are untrue.

58. Defendant Officers deny the allegations in Paragraph 58 of the Third Amended Original Complaint because they are untrue.

59. Defendant Officers deny the allegations in Paragraph 59 of the Third Amended Original Complaint because they are untrue.

## COUNT VIII
## STATE LAW CLAIM: ASSAULT AND BATTERY

60. Defendant Officers incorporate by reference herein their previous answers to paragraphs 1-59 of Plaintiffs' Third Amended Original Complaint.

61. Defendant Officers deny the allegations in Paragraph 61 of the Third Amended Original Complaint because they are untrue.

62. Defendant Officers deny the allegations in Paragraph 62 of the Third Amended Original Complaint because they are untrue.

63. Defendant Officers deny the allegations in Paragraph 63 of the Third Amended Original Complaint because they are untrue.

64. Defendant Officers deny the allegations in Paragraph 64 of the Third Amended Original Complaint because they are untrue.

65. Defendant Officers deny the allegations in Paragraph 65 of the Third Amended Original Complaint because they are untrue.

## COUNT IX
## STATE LAW CLAIM: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

66. Defendant Officers incorporate by reference herein their previous answers to paragraphs 1-65 of Plaintiffs' Third Amended Original Complaint.

67. Defendant Officers deny the allegations in Paragraph 67 of the Third Amended Original Complaint because they are untrue, including subsections (a) through (i).

68. Defendant Officers deny the allegations in Paragraph 68 of the Third Amended Original Complaint because they are untrue.

69. Defendant Officers deny the allegations in Paragraph 69 of the Third Amended Original Complaint because they are untrue.

70. Defendant Officers deny the allegations in Paragraph 70 of the Third Amended Original Complaint because they are untrue.

## COUNT X
## STATE LAW CLAIM: TEXAS TORT CLAIM ACT

71. Defendant Officers incorporate by reference herein their previous answers to paragraphs 1-70 of Plaintiffs' Third Amended Original Complaint.

72. The allegations in Paragraph 72 of Plaintiffs' Third Amended Original Complaint are directed against the City of Houston. No answer is required from the Defendant Officers. To the extent a response is required, Defendant Officers deny the allegations in Paragraph 72 of Plaintiffs' Third Amended Original Complaint because they are untrue.

## COUNT XI
## STATE LAW CLAIM: NEGLIGENCE

73. Defendant Officers incorporate by reference herein their previous answers to paragraphs 1-72 of Plaintiffs' Third Amended Original Complaint.

74. Defendant Officers deny the allegations in Paragraph 74 of the Third Amended Original Complaint because they are untrue.

75. Defendant Officers deny the allegations in Paragraph 75 of the Third Amended Original Complaint because they are untrue.

76. Defendant Officers deny the allegations in Paragraph 76 of the Third Amended Original Complaint because they are untrue.

77. Defendant Officers deny the allegations in Paragraph 77 of the Third Amended Original Complaint because they are untrue.

78. Defendant Officers deny the allegations in Paragraph 78 of the Third Amended Original Complaint because they are untrue.

79. Defendant Officers deny the allegations in Paragraph 79 of the Third Amended Original Complaint because they are untrue.

## COUNT XII
## STATE LAW CLAIM: RESPONDEAT SUPERIOR

80. Defendant Officers incorporate by reference herein their previous answers to paragraphs 1-79 of Plaintiffs' Third Amended Original Complaint.

81. The allegations in Paragraph 81 of Plaintiffs' Third Amended Original Complaint are directed against the City of Houston. No answer is required from the Defendant Officers. To the extent a response is required, Defendant Officers deny the allegations in Paragraph 81 of Plaintiffs' Third Amended Original Complaint because they are untrue.

82. The allegations in Paragraph 82 of Plaintiffs' Third Amended Original Complaint are directed against the City of Houston. No answer is required from the Defendant Officers. To the extent a response is required, Defendant Officers deny the allegations in Paragraph 82 of Plaintiffs' Third Amended Original Complaint because they are untrue.

## COUNT XIII
## STATE LAW CLAIM: NEGLIGENT HIRING, RETENTION, SUPERVISION, AND CONTROL

83. Defendant Officers incorporate by reference herein their previous answers to paragraphs 1-82 of Plaintiffs' Third Amended Original Complaint.

84. The allegations in Paragraph 84 of Plaintiffs' Third Amended Original Complaint are directed against the City of Houston. No answer is required from the Defendant Officers. To the extent a response is required, Defendant Officers deny the allegations in Paragraph 84 of Plaintiffs' Third Amended Original Complaint because they are untrue.

85. The allegations in Paragraph 85 of Plaintiffs' Third Amended Original Complaint are directed against the City of Houston. No answer is required from the Defendant Officers. To the extent a response is required, Defendant Officers deny the allegations in Paragraph 85 of Plaintiffs' Third Amended Original Complaint because they are untrue.

## DAMAGES AND REMEDIES

86. Defendant Officers deny the allegations in Paragraph 86 of the Third Amended Original Complaint because they are untrue.

87. Defendant Officers deny the allegations in Paragraph 87 of the Third Amended Original Complaint because they are untrue.

88. Defendant Officers deny the allegations in Paragraph 88 of the Third Amended Original Complaint because they are untrue.

89. The allegations in Paragraph 89 of Plaintiffs' Third Amended Original Complaint are directed against the City of Houston. No answer is required from the Defendant Officers. To the extent a response is required, Defendant Officers deny the allegations in Paragraph 89 of Plaintiffs' Third Amended Original Complaint because Plaintiffs are not entitled to any relief.

90. Defendant Officers deny the allegations in Paragraph 90 of the Third Amended Original Complaint because Plaintiffs are not entitled to any relief.

## ATTORNEY'S FEES AND COSTS

91. Defendant Officers deny that Plaintiffs are entitled to attorney's fees and costs because Plaintiffs are not entitled to any relief.

## JURY DEMAND

92. Defendant Officers hereby demand trial by jury pursuant to Federal Rule of Civil Procedure 8(b).

## AFFIRMATIVE DEFENSES

93. Defendants specifically and affirmatively plead and claim all of the exemptions and exceptions from, and limitation on, liability provided by the Texas Tort Claims Act, §101.001 et seq., Civil Practices and Remedies Code.

94. Defendants allege that Plaintiffs' failure to obey lawful directives and other actions resulted in the underlying incident occurring.

95. The incident out of which this lawsuit grew and the consequent damages, if any, to Plaintiff were not caused by any act of negligence, either of omission or of commission, on the part of Defendants, but were, to the contrary, directly and proximately caused by the negligence and intentional acts and/or omissions of the Plaintiff.

96. Defendants plead qualified/official immunity.

97. With respect to the pendent state claims asserted against Defendants, if any, the Plaintiff is not entitled to any relief against Defendants under the doctrines of governmental, qualified, official, discretionary, and/or derivative immunities.

98. Defendants specifically and affirmatively plead and claim all the exemptions and exceptions from, and limitations on, liability by official immunity, sovereign immunity, derivative, discretionary, and/or governmental immunity.

99. Defendants allege that, at the time and on the occasion in question, their agents, employees and officers, who were operating within the course and scope of their employment and/or following policy, acted in good faith, with probable cause, and as reasonable and prudent police officers under the circumstances presented to them at the scene. Any and all actions taken by the Defendants with regard to Plaintiff was lawfully made in furtherance of effecting lawful police action.

100. Defendants allege that Plaintiff was contributorily negligent and/or assumed the risk for this incident.

101. Defendants allege that the shooting made the basis of the suit was justifiable.

102. Defendant Officers had legal authority or justification to arrest and/or detain Plaintiffs.

103. Defendants allege that their actions were discretionary, and thus there is no liability for Plaintiffs' claims.

104. Defendants allege that there was no intentional violation of any policy or practice by them.

105. Defendants assert the sudden emergency doctrine.

106. Defendants allege that the sole proximate cause of the subject incident was the acts and/or omission of Plaintiffs.

107. Plaintiffs have failed to mitigate damages.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant Officers pray that upon final hearing plaintiffs take nothing against said defendants by reason of this suit and that plaintiffs go hence without day, and that the Defendant Officers recover their costs and have such other relief to which they may be justly entitled.

Respectfully submitted,

DONNA EDMUNDSON
City Attorney

DONALD FLEMING
Section Chief, Labor, Employment & Civil Rights Section

　/s/　*Henry N. Carnaby*
HENRY N. CARNABY
Senior Assistant City Attorney
FBN: 1242021
TBN: 24064014
Phone: (832) 393-6309
Email: Henry.Carnaby@houstontx.gov

MALISSA WILSON
Senior Assistant City Attorney
FBN: 2599732
SBN: 24085927
Phone: (832) 393-6476
Email: Malissa.Wilson@houstontx.gov

CITY OF HOUSTON LEGAL DEPARTMENT
P.O. Box 368
Houston, Texas 77001-0368
Facsimile: (832) 393-6259

## CERTIFICATE OF SERVICE

I certify that on **March 29, 2016,** a copy of the foregoing document was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing to the following counsel of record:

CHAREKA M. GADSON
GADSON LAW GROUP, PLLC
405 Main Street
Houston, Texas 77002

                                                    /s/ Malissa Wilson
                                                    MALISSA WILSON